### W. C. WILCOX v. DURHAM AND CHARLOTTE RAILROAD COMPANY.

(Filed 12 April, 1911.)

**Railroads—Discrimination—Rebates—Contracts—Tramroads.**

From the uncontradicted evidence in this case it appears that plaintiff, the owner of a tramroad, bought lumber and timber from third parties to be delivered at defendant's railroad under contract with the latter that he be allowed ½ cent per 100 pounds for hauling it over the tramroad to its junction with railroad: *Held*, there being no allegation or evidence tending to show that the rate charged over plaintiff's tramroad was excessive or that the transaction was a mere device to evade the statute against rebating, or that it was a discrimination in any manner, the plaintiff's charge for the haulings was a valid one, which he could recover against the defendant railroad company.

ALLEN, J., did not sit on the hearing of this case.

APPEAL by defendant from *W. R. Allen, J.,* at Spring Term, 1910, of MOORE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*R. L. Burns for plaintiff.*
*Guthrie & Guthrie for defendant.*

CLARK, C. J. This case was before us, 152 N. C., 362, upon a demurrer. The defendant contracted with the plaintiff that if he would build a tramroad from a certain point on its line

to a point on Richlands Creek it would pay the plaintiff ½ cent per 100 pounds on all lumber or timber delivered to the defendant by said tramroad.

It does not appear in the evidence whether the ½ cent per 100 pounds was to be added to the rate from the point where the railroad received the freight, so as to allow the tramroad compensation for hauling, or whether it was to be deducted from the regular rate charged to other people from said junction point. If the latter were the case, the contract would be illegal as a rebate forbidden by law (*R. R. Discrimination Case,* 136 N. C., 479), and the plaintiff could not recover. Clark on Contracts, 336. In the former case, it would be illegal if the lumber and timber were the property of the plaintiff, for the defendant railroad could not allow him compensation for hauling his own lumber and timber.

The evidence is that the plaintiff bought said lumber and timber, but to be delivered at the defendant's road and not to the tramroad, and he contends therefore that he is entitled to the stipulated compensation of ½ cent per 100 pounds for hauling freight for his vendors. This evidence is uncontradicted, and unless it were alleged and shown that said allowance of ½ a cent per 100 pounds were excessive and that the transaction is a mere device to evade the statute against the allowance of rebates and is in truth a discrimination by which the plaintiff was to be charged a lesser rate than other shippers from the point where the defendant railroad received the freight, the contract is valid. In the absence of such allegation and proof, the presumption is in favor of the correctness of the proceedings below.

The prayer to instruct the jury upon the theory that the lumber and timber were the property of the plaintiff was properly refused, there being no evidence to support it.

No error.